UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1410
(5-CA-36213; 5-CA-36214; 5-CA-36216;
5-CA-36306; 5-CA-36225)

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

ENGINEERING CONTRACTORS, INC.; ECI OF WASHINGTON, LLC, alter egos,

Respondents,

ASBESTOS WORKERS LOCAL 24 APPRENTICESHIP FUND; ASBESTOS WORKERS LOCAL 24 PENSION FUND; ASBESTOS WORKERS LOCAL 24 MEDICAL FUND,

Intervenors.

O R D E R

The Court amends its opinion filed March 28, 2013, as follows:

On the cover sheet, agency information section, "On Petition for Review of an Order of the Federal Labor Relations Authority" is corrected to read "On Application for Enforcement of an Order of the National Labor Relations Board"

For the Court – By Direction

/s/ Patricia S. Connor
Clerk

Deputy Assistant General Counsel, Kira Dellinger Vol, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Petitioner. Charles B. Roberts, James S. Brown, BALLARD SPAHR, LLP, Baltimore, Maryland, for Respondents. Terrence R. Joy, Kermit L. Kubitz, KRAW LAW GROUP, APC, Mountain View, California, for Intervenors.

NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Petitioner. Kenneth C. Gauvey, OFFIT KURMAN, P.A., Owings Mills, Maryland, for Respondent. John R. Mooney, Andrew K. Lin, MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C., Washington, D.C., for Intervenors.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The National Labor Relations Board ("Board") seeks enforcement of a Board order against Engineering Contractors, Inc. ("Respondent"). The Administrative Law Judge ("ALJ") concluded that Respondent violated § 8(a)(1), (3), and (5) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 158(a)(1), (3), (5) (2006), and ordered remedial measures. The Board adopted the ALJ's recommended order in full.

Respondent opposes the Board's petition for enforcement, contending that the remedies ordered by the ALJ were overreaching and impermissibly punitive. We conclude that we lack jurisdiction to consider Respondent's contentions because Respondent failed to raise its objections to the remedies ordered in the proceedings before the Board. See 29 U.S.C. § 160(e) (2006) ("No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."); Woelke & Romero Framing, Inc. v. N.L.R.B., 456 U.S. 645, 665 (1982) (barring from judicial review issues not raised before Board); N.L.R.B. v. Daniel Constr. Co., 731 F.2d 191, 198 (4th Cir. 1984) (same).

Accordingly, we grant the Board's motion to submit the case on briefs and the petition for enforcement. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION GRANTED

4